**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1935**

ROSENDO JOSE JUAN-GONZALEZ,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 2, 2021                    Decided: February 10, 2021

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Rosendo Jose Juan-Gonzalez, Petitioner Pro Se.  Jessica R. Lesnau, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosendo Jose Juan-Gonzalez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (Board) summarily dismissing his appeal from the immigration judge's decision pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(G) (2020) (providing for summary dismissal by a single Board member where "[t]he appeal is untimely, or barred by an affirmative waiver of the right of appeal that is clear on the record"). On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Juan-Gonzalez does not challenge the Board's finding that he waived appeal of the immigration judge's decision, he has forfeited appellate review of the Board's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny the petition for review. We also deny the Attorney General's motion to transfer the case to the Fifth Circuit.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Because the immigration judge completed the proceedings in Jena, Louisiana, venue lies in the Fifth Circuit. *See* 8 U.S.C. § 1252(b)(2). We nonetheless decline to exercise our inherent authority to transfer the petition, *see Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011), on the ground that it would not be in the interest of justice to do so, *see Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006) ("Whether or not the suit has any possible merit bears significantly on whether the court should transfer, and if it does not, the court should not waste the time of another court by transferring it." (alterations and internal quotation marks omitted)).